Pierce, J., dissenting: The $1,837.50 which petitioner received from .Anaconda was an employee’s commission paid to him for personal services rendered by him to such employer. It was computed at a 70 per cent rate, by taking into consideration the volume of business transacted by petitioner under his employee arrangement with said employer; and it was at the same rate as tbat whicli would have been paid to him in the case of any other sales brought about by him. This compensation for services rendered, definitely constituted gross income under section 22 (a) of the 1939 Code. Moreover, there is no evidence that the compensation paid to petitioner by his employer in any way entered into the price negotiations between petitioner and Hicks, the owner of the real estate. What actually happened was this. Petitioner made a written offer of $52,500 for a parcel of real estate owned by Hicks, which Hicks had listed for sale with one Hortt, as the exclusive real estate agent therefor. This $52,500 offer was communicated to Hicks by Hortt’s representative ; and Hicks accepted the offer. Petitioner did not divulge that he was the purchaser, until after Hicks had already agreed to sell the property for $52,500. The sale was then consummated at said contract price. Petitioner paid the $52,500 with two checks totaling that amount. The deed was executed; and stamps for $52.50 (reflecting the $52,500 price) were affixed thereto. Hicks paid a prearranged 10 per cent commission to Hortt, totaling $5,250 (which again reflected the sale price of $52,500). The result was that Hicks became entitled to. compute his gain from the transaction on the basis of the gross selling price of $52,500, less deductions for the $5,250 commission and for the expenses of the sale. Consistently the cost basis of the property to petitioner likewise was $52,500. There was no agreement between Hicks and petitioner that the price would be reduced by any rebate or discount. Following said real estate transaction, Hortt received the above-mentioned commission of $5,250; and he split the same on a 50-50 basis with Anaconda, the other broker involved. Thus each broker received gross income, in the form of sales commissions, of $2,625. Anaconda then paid petitioner, as its employee, $1,837.50, based on the volume of business which petitioner had done for Anaconda. Anaconda deducted this payment as compensation paid to its salesman; and petitioner, the salesman, received said amount as an employee’s compensation. I would have held that said $1,837.50 constituted ordinary gross income to petitioner as an employee of Anaconda, under section 22 (a) of the 1939 Code. It in no way constituted a rebate or discount of the sales price agreed upon and paid by petitioner, in his transaction with Hicks. HakeoN, Oepek, Withet, and AtxiNS, //., agree with this dissent.